UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BART CARRIGAN,

        Plaintiff,

v.

ANTHONY ASHER, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 07-12520

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiff's Motion to File Second Amended Complaint be denied, and that Defendants' Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) be granted.

**II.**    **REPORT**:

    **A.**    **Procedural History**

The original Complaint in this action was filed on June 12, 2007. The case was originally assigned to United States District Judge Robert H. Cleland. On June 15, 2007, Judge Cleland entered an Order transferring the case to the Honorable Paul V. Gadola and the undersigned U.S. Magistrate Judge. On June 20, 2007, Plaintiff filed his First Amended Complaint, as a matter of course, pursuant to Fed.R.Civ.P. 15(a)(1)(A).

The First Amended Complaint contains three claims under the Employee Rights and Income Security Act ("ERISA"). Plaintiff declares that the action is a "suit by a recently-removed trustee and fiduciary of the Iron Workers Local 25 Pension Fund ("Fund"), against the Fund's counsel, Anthony Asher, Michael Asher and Sullivan, Ward, Asher & Patton, P.C." ("Sullivan Ward"), relating to the Defendants' services on behalf of the Fund in Case

No. 04-40243 against Watson Wyatt and Company. Specifically, Carrigan challenges the Defendants' entitlement to payment under a contingent fee agreement. Count I alleges that the contingent fee agreement is an unreasonable arrangement for the provision of services in violation of ERISA §408(b)(2), 29 U.S.C. §1108(b)(2) and Department of Labor ("DOL") regulation 2550.408b-2. Count II alleges that the attorney fee agreement represents an unreasonable compensation in violation of ERISA §406(a)(1)(C), 29 U.S.C. §1106(a)(1)(C). Count III asserts that the Amended Stipulated Order submitted to this Court and entered in Case No. 04-40243, on April 30, 2007, was a prohibited transaction in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D). Carrigan seeks the abrogation of the contingent fee agreement between the Fund and the Sullivan Ward Defendants in favor of a reasonable compensation award to be determined by the court, as well as the recovery of his own attorney fees and costs in this action.

On August 1, 2007, Defendants filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(1). On the same date, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. On August 7, 2007, Defendants filed a Response in Opposition to Plaintiff's Rule 15 Motion for Leave to File a Second Amended Complaint.

On September 21, 2007, Plaintiff filed a Response to the Defendants' Motion to Dismiss. On September 24, 2007, the district judge referred all pretrial matters to the magistrate judge. On October 5, 2007, Defendants filed a Reply Brief in support of their Motion to Dismiss. A hearing was scheduled for November 21, 2007. Prior to that date, however, the magistrate judge entered an Order holding all motions in abeyance.

## B. Applicable Law and Standard of Review

A motion to dismiss an action under Fed.R.Civ.P. 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it. Fed.R.Civ.P. 12(h)(3) provides that, if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction.

Standing is a threshold jurisdictional question in every federal case. Coal Operators and Associates, Inc. v. Babbitt, 291 F.3d 912 (6th Cir. 2002). The elements of Article III standing are not simply pleading requirements. Rather, they are constitutionally essential for federal jurisdiction. Sault St. Marie Tribe of Chippewa Indians v. U.S., 288 F.3d 910 (6th Cir. 2002).

> Although a formal hearing on the matter is not required, the district court should not dismiss the complaint on a Rule 12(b)(1) motion without giving the non-moving party the opportunity to be heard, except in the relatively unusual case . . . in which the jurisdiction defect appearing on the face of the complaint clearly is irremediable. Inasmuch as a Rule 12(b)(1) motion basically is one in abatement, a dismissal is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy.

Wright and Miller, Federal Practice and Procedure: Section 1350.

"If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial." Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

C.   **Factual Background**

This is the most recent of three cases before this court which relate to the propriety of a contingent attorney fee agreement between the Ironworkers Local 25 Pension Fund and Sullivan, Ward, Asher and Patton, P.C. ("Sullivan Ward"). The primary action is Case No. 04-40243, in which Sullivan Ward represented the Fund in an action against Watson Wyatt & Company ("Watson Wyatt"), a Delaware Corporation, which had served as employee benefits and actuarial consultants to the Fund for approximately twenty years. Sullivan Ward initially undertook the representation on an hourly rate basis. During the pendency of the litigation against Watson Wyatt, however, the Trustees entered into a contingency fee agreement providing for the payment of one-third of any recovery (with a credit to be allowed for amounts paid on an hourly basis). The Watson Wyatt suit was ultimately settled for $110,000,000.00, and Sullivan Ward is seeking court approval for the payment of its contingent fee.

A second suit was filed by George Henry Young, Harvey Weglarz and William Chakur. Young is a current member of the Board of Trustees of the Fund, having been elected in 2006, during the pendency of the Watson Wyatt action. Weglarz is a member of the Iron Workers Local 25 and a participant in the Fund. Chakur is a retired participant in the Fund. All oppose the enforcement of the contingent attorney fee agreement.

Plaintiff in the instant case is a former Trustee of the Fund. He also opposes the enforcement of the contingent attorney fee agreement in Case No. 04-40243. His First Amended Complaint asserts that Sullivan Ward, Anthony Asher and Michael Asher are not entitled to enforce the contingency fee agreement because it: (a) was an unreasonable arrangement for the provision of services, in violation of 29 U.S.C. §1108(b)(2); and (b)

4

represents unreasonable compensation in violation of 29 U.S.C. §1106(a)(1)(C). In Count III of his First Amended Complaint, Plaintiff asserts that an Amended Stipulated Order submitted to this court and entered in Case No. 04-40243, on April 30, 2007, was a prohibited transaction in violation of 29 U.S.C. §1106(a)(1)(D).

On the same day that the Defendants filed their Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. The proposed Amended Complaint retains the same claims against the Sullivan Ward Defendants. It also includes two new counts asserted against Great Lakes Fabricators and Erectors Association ("GLFEA"), the organization which appointed Carrigan to the Iron Workers Local 25 Pension Fund Board of Trustees, and subsequently removed him from that position. Count IV of the proposed Second Amended Complaint alleges that GLFEA's removal of the Plaintiff from the Board constituted a breach of its fiduciary duties under 29 U.S.C. §1104(a) to act solely in the interests of the participants and beneficiaries of the Plan. The last count of the proposed Second Amended Complaint asserts that GLFEA removed Plaintiff as a Fund Trustee to prevent him from taking actions to challenge the propriety and validity of the Sullivan Ward contingency fee contract. Carrigan asserts that such action violated GLFEA's duties under 29 U.S.C. §1106(b)(2) to take no action involving the Plan on behalf of a party whose interests are adverse to those of the Plan or its participants and beneficiaries.

**D.     Analysis**

Defendants challenge to this court's subject matter jurisdiction is premised upon the unchallenged allegation in the First Amended Complaint that Plaintiff, Bart Carrigan, was a "recently removed Trustee and fiduciary of the Iron Workers Local 25 Pension Fund." Plaintiff affirmatively declared that he had been summarily removed as a Trustee on June

5

5, 2007. (Complaint, Paragraph 30). Defendants rely upon Corbin v. Blankenburg, 39 F.3d 650, 652-53 (6th Cir. 1994). In that case, the Sixth Circuit addressed whether or not an ERISA action filed by a trustee must be dismissed for lack of jurisdiction after the trustee's resignation from office. The court permitted the action to proceed because the Plaintiff was a current trustee when the case was filed, and a current trustee was in the process of substituting as plaintiff in the action. In reaching its decision, the Sixth Circuit observed that, had the plaintiff not been a trustee when he filed the ERISA action, the suit would have been dismissed with prejudice.

> If Gary Corbin had not been a plan fiduciary when this lawsuit was originally filed, he would have had no authority to bring the action under ERISA in the first place. See, Pressroom Union Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 891-92 (2nd Cir.) cert. denied, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed. 2nd 138 (1983), holding that an ERISA action may be brought only by a member of one of the categories of people (the Secretary of Labor, a plan participant, a plan beneficiary, a plan fiduciary, or (for suits against the Secretary) a plan administrator) specifically named in 29 U.S.C. §1132. And if the action had been brought by a person not statutorily authorized to bring it, the absence of subject matter jurisdiction could not have been cured by substituting an authorized Plaintiff for the unauthorized Plaintiff. "The long standing and clear rule is that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" Pressroom Union, 700 F.2d at 893 (quoting Pianta v. H.M. Reich Co., 77 F.2d 888, 890 (2nd Cir. 1935)).

39 F.3d at 652-53.

Defendants correctly observe that Congress explicitly limited ERISA subject matter jurisdiction to cases brought by plan participants, beneficiaries or fiduciaries, or by the Secretary of Labor. A district court lacks jurisdiction over cases brought by parties who are not listed in the statute. In Hahn Acquisition Corp. v. Hahn, 137 F.Supp. 2nd 895, 898 (E.D.

6

Mich. 2001), this court dismissed an ERISA claim because the plaintiff was not one of the "three classes of persons who may bring a civil action under ERISA . . .." See also, D & F Corp. v. Board of Trustees of Pattern and Model Makers Association of Warren, 795 F.Supp. 825, 829-33 (E.D. Mich. 1992); Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 891-93 (2nd Cir.), cert. denied, 464 U.S. 845 (1983). Defendants cite other federal cases for the proposition that a former trustee has no standing to bring an ERISA action. See, Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12, 14-15 (6th Cir. 1991); Blackmar v. Lichtenstein, 603 F.2d 1306, 1309-10 (8th Cir. 1979); Miller v. Ret. Funding Corp., 953 F.Supp. 180, 182-83 (W.D. Mich. 1996).

In response to Defendants' Motion to Dismiss, Plaintiff does not directly challenge the legal proposition that a former trustee lacks standing to sue under ERISA. Rather, Carrigan points out that he sought leave to file a Second Amended Complaint on the very day that the Motion to Dismiss was filed. He observes that his proposed Second Amended Complaint, while reasserting the same three claims as to the original (law firm) Defendants, asserts additional claims that his termination as Trustee by GLFEA was itself a violation of ERISA and void, ab initio, on that basis. Plaintiff maintains that he is entitled to be reinstated as a Trustee of the Fund for purposes of challenging Sullivan Ward's contingency fee contract. He claims that relief is warranted under the broad powers of equitable or remedial relief conferred on the court by ERISA in 29 U.S.C. §1109(a). Carrigan maintains that the court can't dismiss his Complaint for lack of standing without first deciding the merits of his claim for retroactive reappointment to the Board.

7

Plaintiff further argues that a more generous standard of standing applies to persons who are "discharged" or "expelled" to prevent their challenge to ERISA violations on the part of other parties. He sites McBride v. PLM International, Inc., 179 F.3d 737 (7th Cir. 1999) for the proposition that "'typical' standing arguments do not apply to 'the usual context' in which ERISA §510 claims arise." Carrigan argues that "McBride rejected the exact argument being made by Sullivan Ward - that they can insulate themselves from one ERISA violation through another ERISA violation." (Plaintiff's Brief, Page 18).

In their Reply Brief, the Sullivan Ward Defendants reassert the proposition that ERISA limits the universe of proper plaintiffs, and correctly reemphasize that Plaintiff is not included. They observe that Plaintiff's cited cases regarding §510's "more generous" standard for standing all involve individuals asserting their own claims against the person[s] who violated §510. Carrigan, however, is attempting to sue as a fiduciary after the termination of that status, and he makes no claim (nor could he) that Sullivan Ward terminated him. In Mattei v. Mattei, 126 F.3d 794, 800 (6th Cir. 1997), the Sixth Circuit noted that §510 is aimed at protecting individual rights under ERISA.

Defendants challenge Carrigan's claim that no court has denied standing to a former trustee under allegations similar to his own. They cite Blackmar v. Lichtenstein, 603 F.2d 1306 (8th Cir. 1979), in which the court held that a former trustee could not maintain an ERISA action, even though he alleged that his removal from the board was a breach of fiduciary duty. The court was not influenced by the argument that the removal was an unlawful activity under the Act. It reasoned that, if the employer was in collusion with the successor trustees for an illegal purpose, the latter could be held liable for the failure to carry out any fiduciary obligation. If the employer or the then current trustees had violated

8

provisions of ERISA, trust beneficiaries or the Secretary of Labor could bring a civil action to properly protect the trusts. The court found that to be adequate protection, and refused to deem Blackmar a fiduciary, even though he once was, so as to permit him to bring a suit in a fiduciary capacity.

While Plaintiff has cited case law for the proposition that a "whistle blowing fiduciar[y]" has standing under 29 U.S.C. §1140 (Hashimoto v. Bank of Hawaii, 999 F.2d 408 (9th Cir. 1993)) he has asserted no fact in his First Amended Complaint, or in his proposed Second Amended Complaint, to support the reasonable inference that his removal as Trustee was brought about by Sullivan Ward. The Second Amended Complaint does allege that GLFEA is a client of Anthony Asher (Second Amended Complaint, Paragraph 31), and that GLFEA removed Plaintiff as a Fund Trustee to prevent his challenge to the propriety of the Sullivan Ward contingent fee agreement (Second Amended Complaint, Paragraph 57). Nonetheless, Carrigan alleges no act on the part of the Asher Ward Defendants which contributed to his discharge. While the proposed Second Amended Complaint may establish this court's jurisdiction over Carrigan's claims against GLFEA, I conclude that the relationship between GLFEA and the law firm Defendants, standing alone, is insufficient to confer standing under 29 U.S.C. §1140 for a claim against Sullivan Ward, Anthony Asher or Michael Asher.

Should Carrigan prevail on his proposed ERISA claim against GLFEA, and should he be successful in securing the equitable remedy of reinstatement to the Board, he may well have standing to pursue an ERISA claim against the Sullivan Ward Defendants in connection with their representation of the Fund. "However, the basis upon which the district court's jurisdiction depends must be alleged affirmatively and distinctly and cannot

9

'be established argumentatively or by mere inference.'" Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1206 (citing Thomas v. Ohio State University, 195 U.S. 207, 218 (1904); McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936).

Like the court in Blackmar, I am satisfied that adequate protection is afforded the beneficiaries of the fund under other provisions of ERISA. This court is already vested with the authority, and charged with the responsibility, of assessing the reasonableness of Sullivan Ward's attorney fees in Case No. 04-40243. Furthermore, a current Trustee and two Fund beneficiaries have undertaken a challenge to the Sullivan Ward contingent fee agreement in Case No. 07-12368. In a separate Report of even date, I have recommended that a Motion to Consolidate Case No. 07-12368 and Case No. 04-40243 be granted. Any evidence which Carrigan may be able to contribute to the determination of a reasonable attorney fee can be provided in the other actions. If Mr. Carrigan was wrongfully removed from the Board of Trustees, he may well have an individual claim under ERISA against the party who removed him. But the Sullivan Ward Defendants did not terminate the Plaintiff's Trustee status. This court should not deem Carrigan a fiduciary, even though he once was, and allow him to bring a suit in a fiduciary capacity in the absence of a determination that he was wrongfully removed and entitled to reinstatement. Until such time, he simply has no cognizable interests under ERISA in a suit challenging the Sullivan Ward contingent attorney fee contract with the Fund.

I recognize that amendments to defective allegations of jurisdiction are broadly permitted in the courts of this circuit. Miller v. Davis, 507 F.2d 308 (6th Cir. 1974). Amendments of complaints in cases of original jurisdiction should be freely permitted in order to perfect defective jurisdictional allegations, where facts supporting jurisdiction exist.

Nonetheless, a federal court should not proceed with a case until jurisdictional defects have been cured, and the presumption is always against jurisdiction. Evans-Hailey Co. v. Crane Co., 207 F.Supp. 193 (E.D. TN). In my view, the defects asserted by Defendants' Motion to Dismiss will not be cured by the Second Amended Complaint. Furthermore, I find that Carrigan's claim against GLFEA may not be brought by way of amendment to the Complaint in this case. As the court has no jurisdiction over the current claims (against Sullivan Ward et al), it has no jurisdiction to permit an amendment. State of Alabama v. U.S. Army Corps of Engineers, 382 F.Supp. 2nd 1301, 1315-16 (N.D. AL 2005) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). I am satisfied that this court's review of the contingent fee agreement in Case No. 04-40243 and/or Case No. 07-12368 will address the current claims of Carrigan against the attorney Defendants in this case. Accordingly, I recommend that Plaintiff's Motion for Leave to File a Second Amended Complaint be denied, and that Defendants' Motion to Dismiss be granted.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: April 30, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 30, 2008. **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217